IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                                                                                                     Civil. No.:

$1,089,346.58 IN FUNDS FROM WESTSTAR BANK
ACCOUNT NO. 13050325,

$70,358.15 IN FUNDS FROM NEW MEXICO BANK
AND TRUST ACCOUNT NO.107006541, AND

$75,278.76 IN FUNDS FROM CHASE BANK ACCOUNT
NO. 122100024,

    *Defendant-in-rem.*

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1)    This is a civil action to forfeit and condemn to the use and benefit of the United States of America property constituting proceeds of theft of government property, in violation of 18 U.S.C. § 641, and conspiracy to commit an offense against the United States, to wit: theft of government property, in violation of 18 U.S.C. § 371, that is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and property involved in the offense of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957, subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### DEFENDANT *IN REM*

2) The Defendant *in rem* consists of the following:

$1,089,346.58 IN FUNDS FROM WESTSTAR BANK ACCOUNT NO. 13050325

(Hereafter referred to as the "Defendant Property").

3) The U.S. Army Criminal Investigation Command, Major Procurement Fraud Unit executed a federal seizure warrant for $1,089346.58 in funds from WestStar Bank account number 13050325. On August 6, 2021, WestStar Bank issued a bank draft payable to the U.S. Marshals Service for $1,089,346.58.

4) On June 5, 2025, WestStar Bank issued a replacement bank draft payable to the U.S. Marshals Service for $1,089,346.58.

5) On October 6, 2021, New Mexico Bank and Trust issued a bank draft payable to the U.S. Marshals Service for $70,358.15.

6) On December 3, 2021, Chase Bank issued a bank draft payable to the U.S. Marshals Service for $75,278.76.

7) The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

### JURISDICTION AND VENUE

8) The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

9) Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

### FACTS

10) The U.S. Army controls White Sands Missile Range ("WSMR") in New Mexico. This includes an area near San Antonio, New Mexico where a facility known as the Large Blast Thermal Simulator ("LBTS") is located. Previously, LBTS performed blast testing using force generated by pebble bed heaters. These pebble bed heaters each contained approximately 58,000 pounds of nickel ball bearings measuring about 3/8 inches each.

11) The LBTS facility closed in 2012. It reopened in or around 2017. When LBTS reopened, it transitioned to performing blast testing with power generated by compressed air instead of the pebble bed heaters.

12) Randolph Brady, a civilian employee of the Army, arranged for the pebble bed heaters to be removed from the LBTS site on or about March 19, 2021, and March 20, 2021. He arranged for a private contractor, E.G.L. Construction, Inc., to do this work.

13) E.G.L. was established on or about March 6, 2002. The most recent corporate officers were Mario F. Escobedo and Elizabeth Escobedo.

14) In an interview with Mario Escobedo, on or about July 29, 2021, he told Army criminal investigators that Brady hired him to do this work. He stated that he did not perform the work pursuant to a government contract, but rather according to a letter from Brady. Escobedo further stated that he personally participated in the removal of the nickel material from the site and its transportation to Acme Iron and Metal in Albuquerque, New Mexico, where the nickel was sold. Escobedo further stated that his company received payment from Acme Iron and Metal from the sale of the nickel.

15) Financial records show E.G.L. maintained an account at WestStar Bank (13050325) with Mario and Elizabeth as authorized signatories. Financial records further show these payments to E.G.L. from an account held by Acme Iron and Metal at First National Bank:

| Date | Amount | Method |
|---|---|---|
| 03/31/2021 | $354,299.00 | Check |
| 03/31/2021 | $250,000 | Wire Transfer |
| 04/01/2021 | $250,000 | Wire Transfer |
| 04/02/2021 | $150,000 | Wire Transfer |
| 04/15/2021 | $49,334.00 | Wire Transfer |
| 06/16/2021 | $150,000 | Wire Transfer |

16) In an interview of Brady, on or about August 2, 2021, he told Army criminal investigators that he arranged the removal of the nickel in the pebble bed heaters from LBTS. He admitted he did not get a contract for the project although LBTS had a contract in place for salvaging unneeded materials.

17) The removal of the nickel from the pebble bed heaters was theft of government property because Brady, Escobedo, and all others involved in the removal did not have a government contract for the work or any other permission or authority from a duly authorized representative of the Army or any other federal government official to remove this property from LBTS or WSMR.

18) In an interview of Aubrey McWilliams, the general manager of ACME Iron and Metal, on or about October 6, 2021, McWilliams stated that ACME still owed money to E.G.L. McWilliams provided a cashier's check from New Mexico Bank and Trust in that amount—$70,358.15.

19) In an interview on or about November 29, 2021, John Hermes, the owner of Controlled Distributors, stated, in sum and substance, that he received funds from E.G.L. for a purchase of parts. These funds from E.G.L. are traceable to proceeds from the theft of government property. Controlled Distributors provided a check from Chase Bank in the amount of the purchase—$75,278.76.

## FIRST CLAIM FOR RELIEF

20) The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth herein.

21) 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture, "Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." A violation of 18 U.S.C. § 641 is a "specified unlawful activity" within the meaning of the law. *See* 18 U.S.C. § 1956(c)(7).

22) Defendant Property is property constituting and derived from proceeds traceable to the offense of theft of government property, a specified unlawful activity, and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

23) 18 U.S.C. § 981(a)(1)(A) subjects to forfeiture, "Any property, real or personal, involved in a transaction or attempted transaction in violation of [18 U.S.C. § 1957] . . . or any property traceable to such property."

24) Defendant Property is property involved in one or more transactions or attempted transactions in violation of 18 U.S.C. § 1957 and property traceable to such property, and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown

Claimants to the Defendant Property, costs, and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

RYAN G. ELLISON
Acting United States Attorney

SEAN SULLIVAN
Digitally signed by SEAN SULLIVAN
Date: 2025.10.15 13:47:45 -06'00'

SEAN J. SULLIVAN
Assistant U.S. Attorney
201 Third Street Suite 900
Albuquerque, NM 87102
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with U.S. Army Criminal Investigation Command who has read the contents of the Complaint for Forfeiture *in Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: 3 Oct 25

Michael J. Gaubatz, Special Agent
U.S. Army Criminal Investigation Division